Colin Mulholland, Esq.
36-36 33rd Street, Ste. 308
Astoria, New York 11106
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JUAN MARTINEZ RIVAS

                        *Plaintiff*,

        -against-

ARIEL AUTO COLLISION CORP. and
RODSHEL KHAIMOV

                    *Defendants.*

--------------------------------------------------------X

**Civil Action No.:  23-cv-5371**

**COMPLAINT**

**JURY TRIAL DEMANDED**

      JUAN MARTINEZ RIVAS ("Plaintiff") by and through his attorney, Colin Mulholland,

Esq. and as against RODSHEL KHAIMOV and ARIEL AUTO COLLISION CORP. (collectively,

"Defendants"), alleges as follows:

## <u>NATURE OF THE ACTION</u>

      1.    Plaintiff was a former employee of ARIEL AUTO COLLISION CORP. at 501

Atlantic Avenue Freeport, NY 11520 that was owned and operated by Defendants RODSHEL

KHAIMOV and ARIEL AUTO COLLISION CORP.

      2.     Defendants own, operate, and/or control the body shop located at 501 Atlantic

Avenue Freeport, NY 11520, it was formerly located at 5030 69th PL Woodside, NY 11377.

      3.    Plaintiff was employed by each and all of the Defendants.

      4.    At all times relevant to this Complaint, Plaintiff worked for Defendants in excess

of 40 hours per week without appropriate overtime compensation for the hours he worked each

week over 40 hours.

5.      Further, Defendants failed to provide Plaintiff with the proper wage notices and statements under the New York Labor Laws.

6.      Plaintiff now bring this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9.      Plaintiff JUAN MARTINEZ RIVAS ("Plaintiff MARTINEZ") is an adult individual residing in Queens County, New York.  Plaintiff MARTINEZ was employed by Defendants at the body shop owned and operated by Defendants from approximately 2013 to October 2022.

10.      Defendant ARIEL AUTO COLLISION CORP. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 501 Atlantic Avenue Freeport, NY 11520.

11.      Defendant ARIEL AUTO COLLISION CORP. is a closely held corporation owned by RODSHEL KHAIMOV.

12.     Defendant RODSHEL KHAIMOV is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant RODSHEL KHAIMOV is sued individually in his capacity as an officer and/or agent of Defendant Corporation.

13.     Defendant RODSHEL KHAIMOV possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

14.     Defendant RODSHEL KHAIMOV had the authority to hire and fire Plaintiff.

15.     Defendant RODSHEL KHAIMOV set and altered Plaintiff's schedules by setting his entry and exit times.

16.     Defendant RODSHEL KHAIMOV disciplined and admonished Plaintiff about his work performance.

17.     Defendant RODSHEL KHAIMOV had the final word on all decisions at the body shop.

18.     Defendant RODSHEL KHAIMOV issued pay to the Plaintiff.

19.     Defendant RODSHEL KHAIMOV supervised the operations of the body shop including the conditions of Plaintiff's employment.

20.     Defendant RODSHEL KHAIMOV controlled the payroll records and pay practices of the body shop.

21.     Defendants are associated and joint employers, act in the interest of each other with respect to the body shop located at 501 Atlantic Avenue Freeport, NY 11520.

22.     Defendants share common operations, common promotional materials and acted jointly in the operation of the body shop located at 501 Atlantic Avenue Freeport, NY 11520.

23.     Each Defendant possessed substantial control over Plaintiff's working conditions, and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

24.     Defendants jointly employed Plaintiff within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

25.     In the alternative, Defendants constitute a single employer of Plaintiff.

26.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

27.     Defendants are each experienced business owners in New York City and have knowledge, and/or should have knowledge, of the labor laws.

28.     In each year from 2013 to 2023, Defendants, both separately and jointly, had a gross annual volume of revenue of not less than $500,000.

29.     Defendants and/or their enterprise were directly and indirectly engaged in interstate commerce. For example, Plaintiff and Defendants' employees handled and purchased for the business such as wrenches, jacks, oils, solvents, car parts, pry bars, ratchet sets, heat guns, angle grinders, batteries and other tools that originated out of state.

30.     Plaintiff was individually engaged in commerce by virtue of their role interacting with interstate businesses.

31.     Defendants willfully and malicious implemented and maintained the practice of paying Plaintiff in cash in order to hide their wage violations and to thwart the Plaintiff's ability to document their hours worked and pay received.

*Plaintiff JUAN MARTINEZ RIVAS*

32.     Throughout his employment with defendants, Plaintiff MARTINEZ was employed as a mechanic and general laborer at the body shop located at 501 Atlantic Avenue Freeport, NY 11520 and 5030 69th PL Woodside, NY 11377.

33.     Plaintiff MARTINEZ regularly handled goods in interstate commerce, such as wrenches, jacks, oils, solvents, car parts, pry bars, ratchet sets, heat guns, angle grinders, batteries and other supplies produced and originating from outside the state of New York.

34.     Plaintiff MARTINEZ' work was supervised and his duties required neither discretion nor independent judgment.

35.     From 2013 until October 2022, Plaintiff MARTINEZ typically worked six (6) days per week from 8:00 A.M. until between 5:30 P.M. and 6:30 P.M., every day except Saturdays.

36.     Plaintiff sometimes worked more or less than the above schedule depending on the needs to the business and his personal needs.  The above represents a fair approximation of his working hours.

37.     Defendants paid Plaintiff MARTINEZ a fixed day rate during his employ of $191.00 regardless of how many hours he worked in a week and without a premium for his overtime hours.

38.     Defendants paid his in a mixture of cash and check in order to hide their wage violations.

39.     Such failure to pay the proper minimum wages was willful.

40.     No proper notification was given to Plaintiff MARTINEZ regarding overtime and minimum wages under the FLSA and NYLL for each year he worked or change in rate of pay.

41.     Defendants never provided Plaintiff MARTINEZ with each payment of wages a

proper statement of wages, as required by NYLL 195(3).

42.     Defendants failed to provided Plaintiff MARTINEZ all of the proper and complete notices in English and in Spanish (Plaintiff MARTINEZ' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year he worked or each change in rate of pay.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

43.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

44.     Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

45.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

46.     Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

47.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

48.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

6

49.     At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

50.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

51.     Plaintiff was individually engaged in interstate commerce.

52.     Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

53.     Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

54.     Plaintiff was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

55.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56.     Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

57.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

58.     Plaintiff was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### NEW YORK STATE LAW MINIMUM WAGE CLAIM

59.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

61.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

62.     Defendants' failure to pay Plaintiff the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

63.     Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

64.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65.     Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

66.     Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

67.     Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

8

68.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69.     Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

70.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

71.     Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

72.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

73.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)     Declaring that Defendants violated the overtime and minimum wage provisions of, and associated rules and regulations, the FLSA as to Plaintiff;

(b)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d)     Awarding Plaintiff damages for the amount of unpaid overtime and minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)     Awarding Plaintiff liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the overtime and minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(h)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against

wages;

(i)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff;

(j)     Enjoining Defendants from future violations of the NYLL;

(k)     Awarding Plaintiff damages for the amount of unpaid overtime and minimum wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l)     Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, minimum wages and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n)     Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria New York
       July 14, 2023

By:     */s/ Colin Mulholland*
        Colin Mulholland, Esq.
        36-36 33rd Street, Ste. 308
        Astoria, New York 11106
        Telephone: (347) 687-2019
        *Attorney for Plaintiff*