# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

April 26, 2024

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Nusrat J. Choudhury, U.S.D.J.
100 Federal Plaza
Courtroom 1040
Central Islip, NY 11722

      *Re:*    **Rivas v. Ariel Auto Collision Corp.,** *et ano.*
              **Case No.: 2:23-cv-5371 (NJC) (SIL)**

Dear Judge Choudhury:

      This firm was recently retained to represent the Defendants in the above-referenced case, who respectfully submit this letter motion in accordance with ¶¶ 1.7 and 5.1 of this Court's Individual Rules (hereinafter the "Individual Rules") to respectfully request a sixty (60) day extension of time to respond to Plaintiff's Complaint, vacate the certificate of default entered against the Defendants, and to request a mediation referral Order.

      Consistent with the Individual Rules, Defendants respectfully submit that: (i) the reason for the request is to permit your undersigned to investigate the claims made in this case and explore resolution; (ii) the original date of the deadline to respond to the complaint was October 13, 2023 and October 17, 2023 for the corporate and individual defendants, respectively; (iii-iv) there have been no previous requests for an extension of time to respond to the complaint; (v) the adversary consents to the requested extension; and (vi) the requested extended date to submit a response to the complaint is August 22, 2024. Defendants respectfully submit that based on the foregoing, and the below representations in connection with Defendants' motion to vacate the certificate of default, which is made with Plaintiff's consent, there exists sufficient good cause and excusable neglect for this Court to exercise its discretion in favor of granting the requested extension of time. See Fed. R. Civ. P. 6(b)(1)(B).

      Moreover, good cause exists to vacate the certificate of default entered against Defendants. Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule"), the Court "may set aside an entry of default *sua sponte* for good cause." See Negrin v. Kalina, No. 09-CIV.-6234, 2012 WL 4074992, at *2 (S.D.N.Y. Sept. 11, 2012); see also Fed. R. Civ. P. 55(c). "Relief from default under Rule 55(c) is to be granted at the discretion of the court upon consideration of the individual circumstances of the case and the credibility and good faith of the parties." See Weisel v. Pischel, 197 F.R.D. 231, 238 (E.D.N.Y. 2000). Moreover, "the standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the ... standard for setting aside a default judgment ... pursuant to Rule 60(b)."[1] See Grosso v. Radice, No. 07-CIV.-3620, 2007 WL 4441022, at *1 (E.D.N.Y. Dec. 10, 2007) (internal quotation marks and citations omitted).

---

[1] Although a motion for a default judgment has been made, no default judgment has been entered. As such, the less rigorous standard applies. Based on Plaintiff's consent, that motion is withdrawn.

To evaluate good cause, the Court considers: "'(1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense.'" See Murray Eng'g, P.C. v. Windermere Props. LLC, No. 12-CIV.-52, 2013 WL 1809637, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting Peterson v. Syracuse Police Dep't, 467 Fed. Appx. 31, 33 (2d Cir. 2012)). When considering these factors, if "'doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party.'" See Murray, 2013 WL 1809637, at *3 (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)). Indeed, the Second Circuit has made clear that it prefers that disputes "'be resolved on the merits, not by default.'" See Jenn-Ching Luo v. Baldwin Union Free Sch. Dist., No. 12-CIV.-3073, 2014 WL 3943099, at *4 (E.D.N.Y. Aug. 12, 2014), aff'd, 677 Fed. Appx. 719 (2d Cir. 2017) (quoting Azikiwe v. Nigeria Airways Ltd., No. 03-CIV.-6387, 2006 WL 2224450, at *1 (E.D.N.Y. July 31, 2006)). Further, Rule 1 provides that the Rules should be construed, administered, and employed *by the court* and the parties to secure the *just, speedy, and inexpensive determination* of every action and proceeding. See Fed. R. Civ. P. 1 (emphasis added). Here, good cause abounds to vacate the certificate of default and all the factors to be weighed by this Court militate in favor of same.

With respect to the first factor, "'willfulness,' in the context of a default, ... refer[s] to conduct that is more than merely negligent or careless, but is instead egregious and ... not satisfactorily explained." See Bricklayers & Allied Craftworkers Local 2 Pension Fund ex rel. O'Sick v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 186 (2d Cir. 2015). Even a defendant who was "grossly negligent" in failing to answer was not necessarily willful; "[r]ather, the defaulting party must have engaged in deliberate or egregious conduct." See Sream Inc. v. Saakshi Enters. Inc., No. 16-CIV.-1408 (NG) (RML), 2017 WL 2633510, at *2 (E.D.N.Y. June 15, 2017). Here, the individual defendant and the principal of the corporate defendant is an immigrant who does not have a strong command of the English language and was not aware of any service of process upon him. Based on his lack of understanding, no willfulness can be inferred.

As to the second factor, Plaintiff can point to no prejudice except delay, but "delay alone is not a sufficient basis for establishing prejudice" to a non-defaulting party by vacating a default. See MD Produce Corp. v. 231 Food Corp., 304 F.R.D. 107, 110 (E.D.N.Y. 2014) (quoting Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)). "To demonstrate prejudice, [a plaintiff] must establish 'that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion.'" See Global Gold Mining, LLC v. Ayvazian, 983 F. Supp. 2d 378, 388 (S.D.N.Y. 2013), aff'd in part and modified in part, 612 Fed. Appx. 11 (2d Cir. 2015) (quoting Davis, 713 F.2d at 916). Here, Plaintiff can point to no prejudice in setting aside the default and has, in fact, consented to vacate the certificate of default.

For the final factor, "[t]o satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage." See Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 60 (2d Cir. 1996). "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." See Enron Oil Corp., 10 F.3d at 98. This is a low bar; the party seeking relief need only establish "even a hint of a suggestion" of a complete defense to the claims alleged. See Weisel v. Pischel, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) (quoting Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C. Cir. 1980)).

With the foregoing in mind, and upon a preliminary investigation, Defendants submit that the following defenses exist: (i) Plaintiff cannot establish enterprise coverage or individual coverage under the Fair Labor Standards Act; (ii) Plaintiff was paid all wages due; (iii) Plaintiff did not work the number of hours he claims to have worked and/or Defendants did not suffer or permit Plaintiff to work the number of hours he claims to have worked; and (iv) Defendants acted in good faith.

Accordingly, good cause exists to vacate the certificate of default.

Finally, the parties jointly request a mediation referral Order pursuant to Local Civil Rule 83.8.

Defendants thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
  June 23, 2024

Respectfully submitted,

**SAGE LEGAL LLC**

By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Ariel Auto Collision Corp.*
*and Rodshel Khaimov*

**VIA ECF**
Colin Mulholland, Esq.
3636 33rd Street, Suite 308
Astoria, NY 11106
cmulhollandesq@gmail.com

*Attorneys for Plaintiff*
*Juan Martinez Rivas*