# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

August 21, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Nusrat J. Choudhury, U.S.D.J.
100 Federal Plaza
Courtroom 1040
Central Islip, NY 11722

   *Re:* **Rivas v. Ariel Auto Collision Corp.,** *et ano.*
     <u>Case No.: 2:23-cv-5371 (NJC) (SIL)</u>

Dear Judge Choudhury:

  This firm represents the Defendants in the above-referenced case, who respectfully submit this letter motion in accordance with ¶ 5.1 of this Court's Individual Rules for Civil and Criminal Cases (hereinafter the "Individual Rules") to respectfully request a pre-motion conference in anticipation of Defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

**<u>Relevant Background</u>**

  On July 14, 2023, Plaintiff Jaun Martinez Rivas (hereinafter "Plaintiff" or "Rivas") commenced the instant case asserting causes of action under: (i) the Fair Labor Standards Act ("FLSA") for unpaid overtime wages; (ii) the FLSA for unpaid minimum wages; (iii) the New York Labor Law ("NYLL") for unpaid overtime wages; (iv) the NYLL for unpaid minimum wages; (v) the NYLL for spread of hours compensation; (vi) the NYLL for recordkeeping violations; (vii) the NYLL for failure to furnish wage notices. <u>See</u> Docket Entry [1](#) ("Compl.").

**<u>This Court Should Dismiss Plaintiff's Wage-and-Hour Claims for Failure to State a Claim</u>**

  Plaintiff alleges that he typically worked six (6) days per week from 8:00 A.M. until between 5:30 P.M. and 6:30 P.M., every day except Saturdays, and that he sometimes worked more or less than the above schedule depending on the needs of the business and his personal needs. <u>See</u> <u>Compl.</u> ¶¶ 35-36.  Plaintiff also alleges that he was paid a "fixed" day rate of $191.00 regardless of how many hours he worked in a week, and that he was paid "in a mixture of cash and check" without specifying the breakdown of same.  <u>Id.</u> ¶¶ 37-38.  For the reasons set forth below, these general allegations are insufficient to state a claim under the FLSA.

  The FLSA requires that a covered employee be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. <u>See</u> 29 U.S.C. § 207(a)(1). The NYLL adopts this same standard. <u>See</u> 12 NYCRR § 142–2.2 (2011) (incorporating the FLSA definition of overtime into the NYLL).  "[T]o survive a motion to dismiss [an FLSA overtime claim], [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than [forty (40)] hours." <u>See</u>

Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013). Allegations that a plaintiff "regularly worked" more than forty hours per week are insufficient to state a claim. See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89-90 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570); see also Nakahata, 723 F.3d at 199-201; Gisomme v. HealthEx Corp., No. 13-CIV.-2541, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek" (internal quotation marks omitted)).

Here, Plaintiff fails to remotely meet the plausibility standard required to state a claim for his wage-and-hour causes of action. He fails to identify a single week in which he worked and was not paid at least the minimum wage or any overtime wages. Accordingly, their wage-and-hour claims must be dismissed for failure to state a claim.

**The Claims Against the Individual Defendant Must be Dismissed**

The complaint must be dismissed against Rodshel Khaimov, an individual Defendant.

An individual or entity may be held liable under the FLSA if it is deemed an "employer" under the statute. See 29 U.S.C. § 203(d). Under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." Id. An entity or individual "employs" an individual if it "suffer[s] or permit[s]" that individual to work. See 29 U.S.C. § 203(g). "[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA [is] grounded in economic reality rather than technical concepts." See Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013) (quotation marks omitted). The relevant factors as to whether an employment relationship exists under the FLSA include "'whether the alleged employer: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" Id. at 104-05 (quoting Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 142 (2d Cir. 2008)). These factors are not exclusive and no one factor is dispositive. Id. at 105;[1] see also Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999); Tracy v. NVR, Inc., 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009); Wolman v. Catholic Health Sys. of Long Island, Inc., 853 F. Supp. 2d 290, 299 (E.D.N.Y. 2012). In Apolinar v. R.J. 49 Rest., LLC, 2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016), the plaintiffs sued their boss's mother "using identical language that plaintiffs use with respect to the other individual defendants." Id. at *14. The Court dismissed the claims against the boss's mother since there were solely conclusory allegations regarding her duties "which merely plead the presence of the factors relevant to whether an individual is a joint employer – is insufficient to plausibly show that [she] was their employer for purposes of the FLSA." Id. at *14-15.

---

[1] The same analysis that applies to FLSA claims also applies to claims brought under the NYLL. See Xue Lian Lin v. Comprehensive Health Mgmt., Inc., 2009 U.S. Dist. LEXIS 29779, at *6 (S.D.N.Y. Apr. 9, 2009) (citing Cannon v. Douglas Elliman, LLC, 2007 U.S. Dist. LEXIS 91139, at *9 (S.D.N.Y. Dec. 10, 2007)).

In the instant case, Plaintiff similarly makes conclusory allegations in the pleadings with respect to the "employer" status of Rodshel Khaimov, which are insufficient to state a claim under the economic realities test and warrant dismissal. These boilerplate allegations simply state that Rodshel Khaimov "possessed operational control," had "authority to hire and fire Plaintiff," "set and altered Plaintiff's schedules," "disciplined and admonished Plaintiff about his work performance," etc. See Compl. ¶¶ 13-20. But Plaintiffs' "formulaic recitation of the elements of a cause of action" is insufficient to survive dismissal. See Twombly, 550 U.S. at 555. Plaintiff does not allege *how* Rodshel Khaimov *actually* asserted any of the foregoing alleged conduct over him so as to state a claim under the economic realities test. In other words, Plaintiff does not allege that Rodshel Khaimov *actually* hired or fired any Plaintiff, set his schedule, or determined his compensation. This is not enough to establish individual liability as an employer, and is insufficient to state a claim under the economic realities test. See Davis v. Ching Yi Cheng, 2017 U.S. Dist. LEXIS 212738, **19-21 (E.D.N.Y. Decl. 28, 2017).

Accordingly, all claims against Rodshel Khaimov should be dismissed.

**This Court Should Decline to Exercise Supplemental Jurisdiction over the State Law Claims**

The only basis for this Court to have subject matter jurisdiction is the federal question posed by Plaintiff's FLSA claims. See 28 U.S.C. § 1331. Defendants respectfully submit that this Court should decline to exercise supplemental jurisdiction over the causes of action under the NYLL in this case except for the overtime and minimum wage claims, which should be dismissed for the same reasons set forth *supra*. When a district court has original jurisdiction over claims in a case, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case or controversy under Article III.'" See F5 Capital v. Pappas, 856 F.3d 61, 77 (2d Cir. 2017) (quoting 28 U.S.C. § 1367(a)). "Pendent jurisdiction ... exists whenever there is a claim 'arising under [federal law],' *and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'*" See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966) (quoting U.S. Const. art. III, § 2) (emphasis added))). Claims are considered "'part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" See Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011) (quoting Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004)).

Here, the only federal claims raised arise under the FLSA. As such, only the NYLL claims for unpaid minimum wage and unpaid overtime may properly form the basis for having a relationship to the FLSA claims for the identical issues. Consequently, the remaining state law claims – recordkeeping violations and spread of hours compensation – have no common nucleus of operative facts with Plaintiff's overtime claims under federal law. As such, this Court must dismiss decline to exercise supplemental jurisdiction over the remaining claims as they cannot be considered "part of the same case or controversy" nor "derive from a common nucleus of operative fact."

Accordingly, this Court should grant Defendants' letter motion for a pre-motion conference. Defendants thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
      August 21, 2024                     Respectfully submitted,

**SAGE LEGAL LLC**

By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Ariel Auto Collision Corp.*
*and Rodshel Khaimov*

**VIA ECF**
Colin Mulholland, Esq.
3636 33rd Street, Suite 308
Astoria, NY 11106
cmulhollandesq@gmail.com

*Attorneys for Plaintiff*
*Juan Martinez Rivas*

4