UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| Juan Martinez Rivas, | |
|---|---|
| Plaintiff, | |
| -v- | 2:23-cv-5371 (NJC) (SIL) |
| Ariel Auto Collision Corp. and Rodshel Khaimov, | |
| Defendants. | |

### MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Juan Martinez Rivas ("Rivas") filed an Amended Complaint in this action bringing claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Defendants Ariel Auto Collision Corp. and Rodshel Khaimov (collectively, "Defendants"). (Am. Compl., ECF No. 16.) Defendants filed a letter requesting a pre-motion conference to address an anticipated motion to dismiss the Amended Complaint. (ECF No. 17.) Rivas filed a response in opposition. (ECF No. 18.) The Court closely reviewed the parties' respective letters and scheduled a pre-motion conference for December 19, 2024. (Elec. Order, Dec. 12, 2024.) On December 16, 2024, the parties filed a joint motion to adjourn the December 19, 2024 pre-motion conference by more than six weeks, until the first week of February 2025. (ECF No. 19.)

Waiting more than six weeks for Defendants' requested conference concerning an anticipated motion to dismiss would unnecessarily delay the proceedings in this action, which was filed more than one year and five months ago, but still has not progressed beyond the motion to dismiss stage. The Court therefore waives the pre-motion conference requirement, makes the

following rulings regarding Defendants' anticipated motion to dismiss the Amended Complaint, and sets the briefing schedule described below.

First, contrary to Defendants' contention in their letter (ECF No. 16), the Amended Complaint sets forth factual allegations that state a plausible claim for unpaid overtime wages under the FLSA and NYLL. In *Lundy v. Catholic Health System of Long Island Inc.*, the Second Circuit recognized that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." 711 F.3d 106, 114 (2d Cir. 2013). The NYLL adopted the FLSA overtime standard. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2. The Amended Complaint meets the *Lundy* standard because it alleges that from 2013 to 2022, Rivas was scheduled to work, and did work, on each Monday, Tuesday, Wednesday, Thursday, Friday, and Sunday from 8:00 A.M. until sometime between 5:30 P.M. and 6:30 P.M., which totals 57 hours per week. (Am. Compl. ¶¶ 40–46.) These specific factual allegations "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114. For these reasons, Defendant's motion to dismiss the FLSA and NYLL overtime claims set forth in the Amended Complaint is deemed made on the pre-conference letters and is denied.

Second, the Amended Complaint sets forth sufficient factual allegations that support plausible FLSA overtime claim against Defendant Rodshel Khaimov ("Khaimov") as Rivas's alleged employer. To determine whether a defendant in a FLSA action is an employer covered by the statute, the Second Circuit looks at "the economic reality of an employment relationship" by analyzing "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3)

2

determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104–05 (2d Cir. 2013) (quotation marks omitted). These factors are not exclusive or rigid, ensuring the economic realities test is sufficiently flexible and comprehensive to reflect the broad language of the FLSA. *Id.* at 105.

All four factors weigh in favor of finding that the Amended Complaint plausibly alleges that Khaimov is Rivas's employer. Regarding the first factor—the power to hire and fire employees—the Amended Complaint alleges that Khaimov "had the authority to hire and fire Plaintiff and all other employees" and that he "directly and personally hired Plaintiff and discharged Plaintiff." (Am. Compl. ¶¶ 14–15.) As for the second factor—the supervision and control of employee work schedules or conditions—the Amended Complaint alleges that Khaimov "set and altered Plaintiff's schedules by setting his entry and exit times[,] specifically telling Plaintiff that he was obligated to start work at 8:00 A.M. and to leave around 5:30 P.M. and further t[elling] Plaintiff that he needed to work six days per week." (*Id.* ¶ 18.) The Amended Complaint also alleges that Khaimov "disciplined and admonished Plaintiff about his work performance," "control[ed] work assignments," "supervised the operations of the body shop," and "had the final word on all decisions at the body shop." (*Id.* ¶¶ 19–20, 22.) As for the third factor—determination of the rate and method of payment—the Amended Complaint alleges that Khaimov "set Plaintiff's pay rate," was the "exclusive person with whom Plaintiff complained about his pay," "controlled . . . pay practices of the body shop," and "controlled payroll funds." (*Id.* ¶¶ 16–17, 23, 25.) Finally, the fourth factor—maintenance of employment records—also weighs toward finding that Khaimov was Rivas's employer because the Amended Complaint alleges that Khaimov "physically issued pay," "controlled the payroll records," and "controlled the payroll funds." (*Id.* ¶¶ 21, 23–25.) For these reasons, Defendant's motion to dismiss the

3

FLSA overtime claim against Khaimov is deemed made on the parties' pre-conference letters and is denied.

Third, the Court finds that a pre-motion conference is not necessary at this time regarding Defendants' motion to dismiss Rivas's minimum wage claims under the FLSA and NYLL and waives the pre-motion conference requirement. *See* Individual Rule 5.1. The parties shall comply with the following briefing schedule: Defendants shall serve any motion to dismiss the Amended Complaint's minimum wage claims under the FLSA and NYLL by January 7, 2025; Rivas shall file any opposition to the motion to dismiss by January 28, 2025; and Defendant shall serve any reply by February 4, 2025. Consequently, all briefing shall be filed with the Court no later than February 4, 2025. The parties are directed to consult and comply with the Court's Individual Rules, including the Court's recommended bundling practice. *See* Individual Rule 5.2.

Fourth, because the Amended Complaint states a plausible FLSA overtime claim, the Court has supplemental jurisdiction over Rivas's state law claims under the NYLL. In addition to the NYLL overtime and minimum wage claims, the Amended Complaint claims that Defendants violated the NYLL's spread of hours wage order, notice and recordkeeping requirements, and wage statement provisions. (Am. Compl. ¶¶ 75–81.) 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "[C]laims form part of the same case or controversy if they derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (quotation marks omitted). Here, Rivas's claims under the FLSA and NYLL derive from "a common nucleus of operative fact" because they all arise out of his alleged employment

4

with Defendants and thus "form part of the same case or controversy" as the FLSA overtime claim. *See id.* Although 28 U.S.C. § 1347(c) affords district courts the discretion to "decline to exercise supplemental jurisdiction" over state law claims in certain circumstances, none of the circumstances apply in this case.[1] Accordingly, the Court will continue to exercise supplemental jurisdiction over Rivas's NYLL claims.

## CONCLUSION

The Court waives the pre-motion conference requirement and deems the parties' joint motion to adjourn the December 19, 2024 pre-motion conference moot (ECF No. 19.) The December 19, 2024 pre-motion conference is therefore canceled.

The parties shall comply with the briefing schedule set forth in this Order regarding Defendants' anticipated motion to dismiss the FLSA and NYLL minimum wage claims set forth in the Amended Complaint, with all briefing to be filed with the Court no later than February 4, 2025.

---

[1] 28 U.S.C. 1347(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

5

Defendants' motion to dismiss the FLSA and NYLL overtime claims against both Defendants as set forth in the Defendants' pre-motion conference letter (ECF No. 17) is deemed made and denied as described above.

Dated: Central Islip, New York
December 18, 2024

                                                     */s/ Nusrat J. Choudhury*
                                                    NUSRAT J. CHOUDHURY
                                                    United States District Judge