UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JUAN MARTINEZ RIVAS,

                    Plaintiff,

-against-

ARIEL AUTO COLLISION CORP. and RODSHEL
KHAIMOV,

                    Defendants.
------------------------------------------------------------------X

Case No.: 2:23-cv-5371 (NJC) (SIL)

**SETTLEMENT AGREEMENT AND RELEASE**

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff JUAN MARTINEZ RIVAS ("Plaintiff") on the one hand, and ARIEL AUTO COLLISION CORP. and RODSHEL KHAIMOV, on the other hand ("Defendants").

      WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

      WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Case No. 2:23-cv-5371 (NJC) (SIL) (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws against Defendants;

      WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws and any other claims raised in the lawsuit filed by Plaintiff, and that no Defendant other than Ariel Auto Collision Corp. employed the Plaintiff;

      WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation; and

1

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. **Payment.** Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of Plaintiff's claims and potential claims against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Twenty-Five Thousand Dollars ($25,000.00) (the "Settlement Amount") to be paid to Plaintiff's attorneys within seven (7) days of an Order approving this Agreement. The payments shall be made payable to "Colin Mulholland, Esq., as Attorney for Plaintiff" pursuant to the following schedule:

(a) All payments set forth above shall be delivered to the office of Colin Mulholland, Esq., 36-36 33rd Street, Suite 308 Queens, NY 11106, or such other address provided in writing to Defendants' counsel by Plaintiff's counsel.

(b) It is understood by the parties that Fifteen Thousand Nine Hundred and Two Dollars and Forty Five Cents ($15,902.45) of the total sum will be allocated to Plaintiff JUAN MARTINEZ RIVAS and the remaining Nine Thousand and Ninety-Seven Dollars and Fifty Five Cents ($9,097.55) will be allocated to counsel for Plaintiff, Colin Mulholland, Esq. as attorneys' fees, costs and disbursements connected with this matter. And such sums will be distributed pro rata between counsel and Plaintiff as each payment clears.

(c) The Parties agree that all monies paid to Plaintiff (and his Counsel) shall be issued to "Colin Mulholland, Esq." and reported as a 1099 to Counsel. The Company will issue a 1099 form to Plaintiff's Counsel representing the amount of monies paid to Plaintiff's

Counsel by the Company. Plaintiff represents that no tax advice has been given to him by Released Parties, as defined *infra*, or their representatives and they understand that Released Parties make no representation or guarantee as to the tax consequences of these payments.

(d)     The Plaintiff agrees and affirms that the Settlement Payment shall constitute the entire amount of monetary consideration provided to him and his legal counsel, and that Plaintiff will not seek any further compensation for any other claimed unpaid wages, wage supplements, injuries, damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement or any aspect of the Plaintiff's relationship with the Company.

(e)     Plaintiff agrees, affirms, and acknowledges that he has been paid all wages and wage supplements and all other amounts owed to him for any reason by the Company.

(f)     Defendants and their counsel represent and warrant that $25,000.00 is currently being held in escrow by Defendants' counsel to be released to Plaintiff.

2(a).   **Enforcement.** The parties expressly consent that the Eastern District of New York shall retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment in the event of Defendants failure to adhere to the payment schedule by a breach and failure to cure as described below or any other Court of competent jurisdiction in New York City in the event the District Court does not retain jurisdiction

(b).    In the event that the Settlement Amount is not paid by the payment date set forth in paragraph 1 above, or fails to clear (i.e., bounces) on its respective payment date, Plaintiff shall be entitled to serve a written notice ("Default Notice") upon counsel for Defendants by electronic

mail to emanuel@sagelegal.nyc and First Class Mail to "Attn: Emanuel Kataev, Esq., Sage Legal LLC, 18211 Jamaica Avenue, Jamaica, NY 11423-2327."

Defendants shall have three (3) business days from the date of receipt of the mailed Default Notice to cure the default by making such payment.

Upon Defendants' failure to cure a default within ten (10) business days of receipt of the Default Notice, counsel for Plaintiff may take any action to enforce the terms of this agreement. Plaintiff will be entitled to reasonable attorneys' fees and costs for any enforcement action.

c.      Plaintiff agrees and acknowledges that Defendants and their counsel have not made any representations to Plaintiff regarding the tax consequences of any payments or amounts received by Plaintiff pursuant to this Agreement. Plaintiff further agree that the allocation and characterization of the amounts comprising the Settlement Amount were made by Plaintiff. Plaintiff must ensure that all taxes related to their respective payments described above in this Section 2 are paid. In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required employee-side deductions or employee-side withholdings from the sums to be paid to a Plaintiff and their attorney under this Section 2 of this Agreement, that Plaintiff shall fully pay the assessment, including additional taxes, interest, penalties, and/or other liabilities or costs with respect to such payments attributable to them. Plaintiff indemnifies and holds Defendants harmless for any tax liabilities relating to the payment of the Settlement Amount. Defendants shall use best efforts to provide written notice of any applicable assessment to Plaintiff's attorney at: Attn: Colin Mulholland, Esq. 36-36 33rd Street Suite 308 Astoria, NY 11106 as soon as Defendants becomes aware of it.

3.      **Mutual General Release of All Claims.** In exchange for the Settlement Payment and for other good and valuable consideration, receipt of which is hereby acknowledged, Plaintiff

and Defendants, on their own behalves and on behalf of all family members, heirs, executors, representatives, trustees, agents, insurers, administrators, legal representatives, parents, subsidiaries, affiliates, divisions, and/or related companies, and each of their respective directors, officers, shareholders, partners, employees, managers, members, agents, attorneys, successors and assigns (collectively, the "Releasors"), irrevocably and unconditionally fully and forever waives, releases and discharges each other, as well as their family members, heirs, executors, representatives, trustees, agents, insurers, administrators, legal representatives, parents, subsidiaries, affiliates, divisions, and/or related companies, and each of their respective directors, officers, shareholders, partners, employees, managers, members, agents, attorneys, and successors of the Company ("Releasees" or "Released Parties") from any and all claims, demands, actions, causes of actions, obligations, judgments, rights, fees, damages, debts, obligations, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, from the beginning of time to the date of the parties' execution of this Agreement, including, without limitation, any claims under any federal, state, local or foreign law, that Releasor may have, have ever had against Releasees, including but not limited to those arising out of, or in any way related to Plaintiff's hire, benefits, employment, termination or separation from employment with the Company and any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter, whether or not either party has previously filed such a claim.

  b. The parties each further agree and acknowledge that Releasors are giving up any rights or claims which Releasors may have against Releasees under numerous laws and regulations, including but not limited to, those regulating employment, whether on the federal, state, or local level, including, but not limited to:

(i) any and all claims under Title VII of the Civil Rights Act, as amended, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act, as amended, the Fair Labor Standards Act (to the extent permitted by law), the Equal Pay Act, as amended, the Employee Retirement Income Security Act, as amended (only with respect to unvested benefits), the Civil Rights Act of 1991, as amended, Section 1981 of U.S.C. Title 42, the Sarbanes-Oxley Act of 2002, as amended, the Worker Adjustment and Retraining Notification Act, as amended, the National Labor Relations Act, as amended, the Age Discrimination in Employment Act, as amended, the Uniform Services Employment and Reemployment Rights Act, as amended, the Genetic Information Nondiscrimination Act of 2008, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the New York State Human Rights Law, the New York Labor Law (including but not limited to the Retaliatory Action by Employers Law, the New York State Worker Adjustment and Retraining Notification Act, all provisions prohibiting discrimination and retaliation, and all provisions regulating wage and hour law), the New York Civil Rights Law, Section 125 of the New York Workers' Compensation Law, the New York City Human Rights Law, any and all claims pursuant to any other state law and all of their respective implementing regulations and/or any other federal, state, local or foreign law (statutory, regulatory or otherwise) that may be legally waived and released;

(ii) any and all claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation and/or severance;

(iii) any and all claims arising under tort, contract and/or quasi-contract law, except those arising from this Agreement, including but not limited to claims of breach of an

expressed or implied contract, tortious interference with contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness or any other harm, wrongful or retaliatory discharge, fraud, defamation, slander, libel, false imprisonment, negligent or intentional infliction of emotional distress; and

(iv) any and all claims for monetary or equitable relief, including but not limited to attorneys' fees, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements from the beginning of time to the date of Plaintiffs' execution of this Agreement.

c. <u>Specific Release of ADEA and OWBPA Claims</u>. In further consideration of the benefits provided to Plaintiffs in this Agreement, including but not limited to the Settlement Payment, Releasors hereby irrevocably and unconditionally fully and forever waive, release and discharge Releasees from any and all claims, whether known or unknown, from the beginning of time to the date of Plaintiffs' execution of this Agreement arising under the Older Workers' Benefit Protection Act (OWBPA) and the Age Discrimination in Employment Act (ADEA), as amended, and its implementing regulations. By signing this Agreement, Plaintiffs hereby acknowledge and confirm that they each: (i) have read this Agreement in its entirety and understands all of its terms; (ii) have been advised of and availed himself of his right to consult with an attorney prior to executing this Agreement; (iii) knowingly, freely and voluntarily assent to all of the terms and conditions set out in this Agreement including, without limitation, the waiver, release and covenants contained herein; (iv) are executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which he is otherwise entitled; (v) were given at least twenty-one (21) days to consider the terms of this

Agreement and consult with an attorney of his choice, although they each may sign it sooner if desired; (vi) understand that they each have seven (7) days from the date they sign this Agreement to revoke the release in this paragraph by delivering notice of revocation to Emanuel Kataev, Esq. at 18211 Jamaica Avenue, Jamaica, NY 11423-2327 by overnight delivery before the end of such seven-day period; (vii) understand that the release contained in this paragraph does not apply to rights and claims that may arise after the date on which he signs this Agreement; and (viii) in entering into this Agreement, agree and acknowledge that they are not relying on any representation, promise, or inducement made by the Company or its attorneys with the exception of those promises described in this Agreement.

        d.    This release and waiver of claims shall not be construed to impair Plaintiff's right to enforce the terms of this Agreement and does not include any claim which, as a matter of law, cannot be released by private agreement. Nor does this release prohibit or bar Plaintiff from providing truthful testimony in any legal proceeding or from cooperating with, or making truthful disclosures to, any local, state, or federal governmental agency, or filing a timely charge or complaint with the EEOC, or participating in any investigation or proceeding conducted by the EEOC regarding any claim of employment discrimination. Notwithstanding the foregoing, with respect to any claim that cannot be released by private agreement (except for E.R.I.S.A. claims for vested benefits), Plaintiff agrees to release and waive and hereby does release and waive his right (if any) to any monetary damages or other recovery as to such claims, including any claims brought on Plaintiff's behalf, either individually or as part of a collective action, by any governmental agency or other third party.

    5.    **Plaintiff's Representations and Warranties.** Plaintiff hereby represents, warrants, acknowledges, and affirms as follows, solely as to themselves:

    a.    that Plaintiff has not filed nor permitted anyone to file on his behalf, any complaints, charges or claims for relief against the Company with any local, state, or federal court or administrative agency other than the Lawsuit;

    b.    that he has been paid and have received all compensation, wages, overtime payments, wage supplements, bonuses, commissions, leave, paid and unpaid, paid time off and benefits to which he may be due for any reason, except as provided in this Agreement;

    c.    that he has no known workplace injuries or occupational diseases that have been provided and/or have not been denied any leave requested under the Family and Medical Leave Act (hereinafter the "FMLA");

    d.    that he is no longer employed by any Defendant and has no desire to be employed by any Defendant; and

    e.    that he shall use best efforts to cause the Lawsuit to be dismissed with prejudice in accordance with this Agreement.

    5.    **No Admission of Wrongdoing.**  This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. This Agreement compromises disputed claims. This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement. This Agreement is entered into mutually in order to avoid the costs, uncertainty, and vexation of litigation. The terms set out in this Agreement are a compromise settlement of disputed claims, the validity, existence or occurrence of which is expressly disputed by the Parties. This Agreement shall not be admissible

evidence in any judicial, administrative, or other legal proceedings for any reason except to enforce the terms of this Agreement.

6. **Dismissal of the Litigation.** Filed contemporaneously with this Settlement agreement as Exhibit B, is a Stipulation of Voluntary Dismissal in accordance with Rule 41 dismissing the action in full.

7. **Response to Subpoena.** Plaintiff agrees that, in the event that they are subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to his prior employment with Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, Plaintiff will give prompt notice of such request to Defendants if such notice is permitted by law and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

8. **Court Approval.** The parties will use best efforts to seek court approval of this Agreement.

9. **Modification of the Agreement.** This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

10. **Acknowledgment.** The parties acknowledge that they have been fully and fairly represented by counsel in this matter. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

11. **Notices.** Notices required under this Agreement shall be in writing and shall be deemed given on the third business day following first-class mailing, email, or facsimile transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:
Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, NY 11106
cmulhollandesq@gmail.com

To Defendants:
Sage Legal LLC
Attn: Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

12. **Governing Law.** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.

13. **Severability.** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

14. **Release Notification.** Plaintiff acknowledges that he has consulted with Colin Mulholland, Esq., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought

11

and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorney. Plaintiff confirms that this Settlement Agreement and Release have been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily

15. **Counterparts.** To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. A facsimile or portable document format or other electronic version of an executed copy of the Settlement Agreement shall be accepted and enforceable as if it were an original.

16. **No Waiver.** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

17. **Representation by Counsel and Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto as to the Plaintiff's claims, and fully supersedes any and all prior discussions, agreements, or understandings between the Parties. The Parties agree that this Agreement was drafted jointly by the Parties, and therefore shall be construed according to its fair meaning, and not strictly for or against any of the Parties. Should any provision of the Agreement be declared or determined by any court to be illegal or invalid, the validity of the

remaining parts, terms or provisions shall not be affected thereby and the illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement. This Agreement shall survive the cessation or termination of any arrangements contained herein.

18. **Voluntary Agreement.** By signing in the space provided below, Plaintiff agrees and affirms that:

a. This Agreement is legally binding, and by signing it, Plaintiff understands that he is giving up certain rights, including his right to pursue any claims against the Releasees from the beginning of time until the date of this Agreement;

b. Plaintiff was given at least twenty-one (21) days to review, consider and execute this Agreement and has consulted with his attorney of choice before executing this Agreement;

c. No promise or representation of any kind or character has been made by the Company or by anyone acting on its behalf to induce Plaintiff to enter into this Agreement, and Plaintiff has not been forced or pressured in any way to sign this Agreement; and

d. Through this Agreement, Plaintiff is releasing all of the Releasees from any and all wage and hour claims that he may have against the Company in exchange for the Settlement Payment described herein;

e. Plaintiff knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them.

SIGNATURES ON FOLLOWING PAGE

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 5 8 25

_____
JUAN MARTINEZ RIVAS

Dated: 07/05/2025

_____
RODSHEL KHAIMOV

Dated: 07/05/2025

_____
ARIEL AUTO COLLISION CORP. by Rodshel Khaimov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JUAN MARTINEZ RIVAS,

                    Plaintiff,

        -against-

ARIEL AUTO COLLISION CORP. and RODSHEL
KHAIMOV,

                    Defendants.
-----------------------------------------------------------------X

Case No.: 2:23-cv-5371 (NJC) (SIL)

**STIPULATION OF**
**VOLUNTARY DISMISSAL**

**WHEREAS**, the Court having reviewed the submissions of counsel, and the parties having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation; it is

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The duly executed settlement agreement, which includes, among other things, a waiver and release of the Plaintiff's claims pursuant to the Fair Labor Standards Act of 1938 and New York Labor Law, as amended, has been negotiated in good faith and at arm's length by the parties through their attorneys;

2. The settlement agreement is approved as a fair and reasonable disposition of the Plaintiff's claims;

3. This case, including all claims asserted by the Plaintiff herein, is hereby dismissed with prejudice, without costs to either party as against the other, except as provided in the Settlement Agreement;

4. Each party shall bear its own costs, expenses, and attorneys' fees, except as otherwise expressly agreed in writing by the parties in the Settlement Agreement;

5.      The Court shall retain jurisdiction solely for the purposes of enforcing the Agreement approved by the Court.

6.      Plaintiff shall have thirty (30) days to move to re-open this case in the event payment is not issued pursuant to the Settlement Agreement.

Dated:    Astoria, New York
             _____, 2025

| | |
|---|---|
| Emanuel Kataev, Esq. | Colin Mulholland, Esq. |
| Sage Legal LLC | Law Offices of Colin Mulholland |
| 18211 Jamaica Avenue | 3636 33rd Street, Suite 308 |
| Jamaica, NY 11423 | Astoria, NY 11106 |
| (718) 412-2421 | 347-687-2019 |
| emanuel@sagelegal.nyc | cmulhollandesq@gmail.com |

**SO ORDERED**

# 2025-05-07 CLEAN PAINTIFF Revised Settlement Agreement

Final Audit Report                                              2025-05-07

| | |
|---|---|
| Created: | 2025-05-07 |
| By: | Emanuel Kataev (mail@emanuelkataev.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAzkJlqsCdC2mTfBn1lg1kqHDJldfwHvgR |

## "2025-05-07 CLEAN PAINTIFF Revised Settlement Agreement" History

- Document created by Emanuel Kataev (mail@emanuelkataev.com)
  2025-05-07 - 9:27:34 PM GMT- IP address: 108.54.81.2

- Document emailed to Rodshel Khaimov (ruben_khaimov@yahoo.com) for signature
  2025-05-07 - 9:27:38 PM GMT

- Email viewed by Rodshel Khaimov (ruben_khaimov@yahoo.com)
  2025-05-07 - 9:27:52 PM GMT- IP address: 209.73.183.19

- Document e-signed by Rodshel Khaimov (ruben_khaimov@yahoo.com)
  Signature Date: 2025-05-07 - 9:28:56 PM GMT - Time Source: server- IP address: 47.18.221.251

- Agreement completed.
  2025-05-07 - 9:28:56 PM GMT

Adobe Acrobat Sign