**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Juan Martinez Rivas,<br><br><br>Plaintiff,<br><br>-v-<br><br>Ariel Auto Collision Corp. and Rodshel Khaimov,<br><br><br>Defendants. | 2:23-cv-5371<br>(NJC) (SIL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On July 14, 2023, Plaintiff Juan Martinez Rivas ("Rivas") initiated this action bringing claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Defendants Ariel Auto Collision Corp. and Rodshel Khaimov (collectively, "Defendants"). (Compl., ECF No. 1.) On June 25, 2024, this Court referred this case to mediation. (Elec. Order, June 25, 2024.) On October 15, 2024, Rivas filed an Amended Complaint. (Am. Compl., ECF No. 16.)

On January 9, 2025, the parties engaged in a mediation session and reached a settlement. (Elec. Notices, Jan. 10, 2025.) On January 17, 2025, the parties sought leave to file a motion for settlement approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), which Magistrate Judge Locke granted on Jan. 21, 2025. (ECF No. 21; Elec. Order, Jan. 21, 2025.) On January 22, 2025, this Court referred the parties' motion for settlement approval to Judge Locke for a report and recommendation. (Elec. Order, Jan. 22, 2025.)

On May 8, 2025, the parties filed their motion for settlement approval. (ECF No. 31.) On June 17, 2025 and January 15, 2026, the parties appeared before Judge Locke for conferences

regarding the motion. (Min. Entry, June 17, 2025.) On January 15, 2026, the parties consented to Judge Locke's jurisdiction for the purposes of entering a final order on the motion for settlement approval, which this Court so ordered on January 21, 2026. (ECF Nos. 37, 40.)

On January 22, 2026, Judge Locke issued an Order granting the parties' motion for settlement approval. (ECF No. 40.) That same day, Judge Locke issued a sua sponte report and recommendation (the "R&R") that "this case be dismissed" by the undersigned in light of Judge Locke's order granting the parties' motion. (Elec. Order, Jan. 22, 2026.)

A copy of the R&R was provided to counsel for the parties via ECF on January 22, 2026. (*See id.*) The R&R instructed that any objections to the R&R were required to be filed with the Clerk of Court within fourteen (14) days of service of the R&R. (*Id.*) Accordingly, the parties were required to file any objections to the R&R by February 5, 2026. *See* Fed. R. Civ. P. 72(b)(2) (requiring a party to file objections to a magistrate judge's report and recommendation within 14 days of service). The date for filing any objections to the R&R has thus expired, and no party has filed an objection to the R&R.

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no objections are filed, a district court reviews a report and recommendation for clear error. *King v. Paradise Auto Sales I, Inc.*, No. 15-cv-1188, 2016 WL 4595991, at *1 (E.D.N.Y. Sept. 2, 2016) (citation omitted); *Covey v. Simonton,* 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Because no party has timely filed objections to the R&R, I may review the R&R for clear error. *King*, 2016 WL 4595991, at *1. Having reviewed the procedural history of this action and

2

the applicable law, I adopt the R&R's recommendation that the claims in this action have been

resolved and that the case be closed. The Clerk of Court is respectfully directed to close the case.

Dated: Central Islip, New York
February 11, 2026

_____*/s/ Nusrat J. Choudhury*_____
NUSRAT J. CHOUDHURY
United States District Judge

3